BROWN, Chief Judge.
hThe tortfeasor’s liability insurer has appealed from the judgment of the trial court finding that the “non-owned” vehicle that the tortfeasor was driving when the accident occurred was not furnished for his regular use. As a result, the policy issued provided coverage. For the following reasons, we reverse.

Facts and Procedural Background

This case arises out of a two-vehicle accident between plaintiff, Natasha Jones, and Star Youngblood that occurred on June 15, 2009, at the intersection of Highway 84 and Bangs Highway in Mansfield, Louisiana. Mr. Youngblood was in the course and scope of his employment with Mansfield Drug Company, Inc. (“MDCI”), as a part-time prescription drug delivery driver. Mr. Youngblood, who had been with MDCI for five years, was driving a 2007 Chevrolet pickup truck owned by MDCI at the time of the accident. Mr. Youngblood worked ten-hour shifts, three days one week and four days the next week.
On April 16, 2010, plaintiff filed suit against Mr. Youngblood, MDCI, and MDCI’s business' automobile liability insurer, Republic Fire and Casualty Insurance Company (“Republic Fire”). On November 4, 2011, plaintiff filed an amending petition naming as additional defendants, Louisiana Farm Bureau Casualty Insurance (“Farm Bureau”), Mr. Youngblood’s personal automobile insurer, and State Farm Mutual Automobile Insurance Company (“State Farm”), plaintiffs uninsured/underinsured motorist insurer.
li>On January 12, 2012, plaintiff settled with State Farm. On January 24, 2012, she settled with MDCI, Republic Fire, and Mr. Youngblood. Trial on this matter was held on September 16, 2013, with the only remaining defendant, Farm Bureau.
At trial the following stipulations were entered:
1 — The vehicle being driven by Mr. Youngblood was owned by MDCI.
2 — The vehicle was a 2007 Chevrolet 1500 pickup truck.
8 — The vehicle was insured for business automobile liability insurance with Republic Fire with a single limit liability coverage of $500,000.
4 — Plaintiff had settled with and dismissed MDCI, Republic Fire, and Mr. Youngblood.
5 — At the time of the accident defendant, Farm Bureau, had in full force and effect a policy of personal automobile liability insurance issued to Mr. Young-blood, policy number AW05942, which covered his personal 2002 Ford pickup truck. The policy had a $25,000 per person, $50,000 per accident liability limit.
6 — At the time of the accident State Farm insured plaintiff for uninsured motorist coverage and plaintiff had settled her claim with State Farm.
The trial court found that Mr. Young-blood’s use of MDCI’s 2007 pickup truck *457 “require[d] special and specific permission from the owner in each particular occasion.” As a result, the trial court held that the insurance policy issued to Mr. Young-blood by defendant, Farm Bureau, provided coverage in this matter and rendered judgment in favor of plaintiff in the amount of the policy limit of $25,000.[1]' It is from this judgment that defendant has appealed.

IsDiscussion

Defendant contends that the trial court erred when it found that Farm Bureau’s policy exclusion of coverage for non-owned vehicles “furnished for regular use to ... the named insured ...” did not apply and that the policy therefore provided coverage for the accident with Natasha Jones.
Under the heading USE OF OTHER AUTOMOBILES, the policy exclusion states:
(d) This insuring agreement does not apply:
(1) To any automobile ... furnished for regular use to either the named insured or a member of the same household;
It is well-settled that insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy. Elliott v. Continental Casualty Co., 06-1505 (La.02/22/07), 949 So.2d 1247.
The so-called “regular use” exclusion for non-owned autos is a typical and common policy provision. It relieves the insurance company of the unfair burden of insuring an automobile not listed in the policy which an insured uses regularly but for which the insured pays no premium. Seymour v. Estate of Karp, 05-1382 (La.App. 4th Cir.07/31/08), 996 So.2d 1. This type of clause is used to exclude from coverage non-owned automobiles over which the insured has “general authority of use.” Curry v. Taylor, 40,185 (La.App.2d Cir.09/21/05), 912 So.2d 78. The phrase, “furnished for regular use” means that the vehicle is provided, supplied or afforded to the individual according to some established rule or principle or used in steady or uniform course,. practice or occurrence as contrasted with being |4furnished for use only on casual, random, unpredictable or chance occasions. Id.
In the case sub judice, the relevant inquiry to be made is whether Mr. Young-blood was furnished the 2007 truck for use in steady or uniform course, practice or occurrence. Defendant contends that it cannot be argued that MDCI’s.2007 truck was not “furnished for regular use” as Mr. Youngblood’s entire work day consisted of the use of the 2007 truck. Plaintiff, conversely, argues1 that the trial court had a réásonable factual basis upon which to find that Mr. Youngblood required special and specific permission to drive MDCI’s truck and, as such, the truck was not “furnished for regular use.”
The evidence presented shows that Mr. Youngblood was hired to deliver prescriptions. He worked 30 hours one week and 40 hours the next, with approximately 85% of his 10-hour work day spent operating the truck. ■ Once Mr. Youngblood arrived at work, he would retrieve the keys to the 2007 truck from a -drawer and commence his job duties, which consisted of driving MDCI’s garbage to the local dump, picking up MDCI’s mail from the local post office, and delivering prescriptions filled by MDCI within a 10-12 mile radius. Mr. Youngblood would pick' up the filled pre *458 scriptions and deliver them to MDCI’s customers. Overall, he made approximately 50-55 deliveries a day without having, to ask for special or specific permission to make each delivery.
While the evidence shows that Mr. Youngblood did not use the 2007 truck for social purposes, it also showed that during his work day he had | .¡“general authority of use” to perform his work duties. As Mr. Youngblood used MDCI’s truck in the same manner each and every work day, it is clear that MDCI did not provide him with its truck on casual, random, unpredictable or chance occasions. Mr. Young-blood’s use of the truck was “in a steady or uniform course, practice or occurrence.” As such, we find that the tridl court was clearly wrong and manifestly in error in its factual determination and that the exclusionary clause in Mr. Youngblood’s insurance policy issued by defendant, Farm Bureau, did not apply in the present matter.
Moreover, based on our finding that the trial court erred in its judgment, we pre-termit discussion of Farm Bureau’s second assignment of error, which is that- the settlement and dismissal by plaintiff of the 100% responsible employer, its insurer, and Star Youngblood effectively released Farm Bureau.

Conclusion

Based on the reasons set forth above, the judgment of the trial court- finding in favor of plaintiff, Natasha Jones, is reversed, and judgment in favor of defendant, Louisiana Farm Bureau Casualty Insurance, dismissing plaintiffs claim is hereby rendered. Costs of this appeal are assessed against plaintiff. - -

. The trial court found that plaintiff sustained ' special damages of $226,230.74 and general damages of $400,000. The Farm Bureau policy limit was $25,000.